IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES V. WALLACE                                                                                          PETITIONER
REG. #36156-060

v.                                    Case No. 2:16-CV-089 BRW-JTK

C.V. RIVERA, *Warden*,
FCI Forrest City Medium                                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner James V. Wallace for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE #1) Petitioner's federal sentence derives from a guilty plea in the United States District Court for the Northern District of Ohio, in 1997, where he received a 200-month sentence for bank robbery and armed bank robbery and a sixty-month (60) sentence for use of a firearm in relation to a crime of violence, consecutively. (DE #6-1) In this § 2241 petition, Wallace asserts that pursuant to the Supreme Court's decision in *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015), the enhancement of his sentence is unconstitutional and his sentence should be vacated and remanded for resentencing under the "proper law, which will result in my immediate release." (DE #1 at 3, 8) Respondent contends the petition should be dismissed because this Court lacks subject matter to entertain the petition under § 2241. (DE # 6, at 2) In his

Reply, Petitioner acknowledges that after filing his petition in this Court "it became known to him that an avenue for relief may be available through the filing of a 28 U.S.C. 2255 motion in the U.S. District Court in the Northern District of Ohio." (DE # 8 at 1)  Petitioner further contends that at the time of his Reply, his "28 U.S.C. 2255 motion is being held in abeyance pending the outcome of a motion filed in the 6th Circuit Court of Appeals, seeking permission to file a second or successive 28 U.S.C. 2255 motion." *Id.*  Therefore, Petitioner requests that this Court hold his § 2241 petition in abeyance "until such time that the other motions mentioned above are adjudicated." (DE # 8, at 1-2)  For the reasons that follow, the Court agrees with Respondent and finds that the petition should be denied and dismissed without prejudice.

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence.  Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).  In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323.  It is not disputed that the claims within Petitioner's current petition in this Court are challenging the

validity of his conviction or sentence as imposed. *See* DE #1, at 2. Therefore, his claims must be directed to the Ohio district court that convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Sixth Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Ohio federal court. Such challenge is appropriate under § 2255, and as previously discussed, Petitioner's § 2255 motion is being held in abeyance pending resolution of his motion filed in the Sixth Circuit seeking an order authorizing the sentencing court to consider a second or successive § 2255 motion.

Petitioner has requested for this Court to hold this petition in abeyance until the above-referenced motions have been adjudicated in Ohio federal court; however, the Petitioner cannot satisfy the requirements for this court to adjudicate his § 2241 petition with the pending motions he has in Ohio federal courts. Furthermore, even if the Sixth Circuit Court of Appeals denies his motion to consider a second or successive motion under 28 U.S.C. § 2255, the Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order

to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

In summary, this Court lacks subject matter jurisdiction to consider the § 2241 claims because Petitioner has not demonstrated that the § 2255 remedy is ineffective or inadequate. *Abdullah*, 392 F.3d at 964.  Accordingly, it is recommended that this 28 U.S.C. § 2241 petition for habeas corpus (DE #1) be denied and dismissed without prejudice.

SO ORDERED this 2nd day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE